___

SO ORDERED,

*[signature: Katharine M. Samson]*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 30, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:    ZELIUS WELBORN POWELL, III | CASE NO. 16-51982-KMS |
| DEBTOR | CHAPTER 7 |
| JESSICA BOGGAN POWELL | PLAINTIFF |
| V. | ADV. NO. 17-06008-KMS |
| ZELIUS WELBORN POWELL, III | DEFENDANT |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REMAND

Before the Court is the Motion for Remand (Adv. Dkt. No. 17)[1] filed by Jessica Boggan Powell. The Court held a hearing on the motion on April 27, 2017, where counsel for both parties presented arguments but no additional evidence. Adv. Dkt. No. 29. Having considered the arguments and record in this case, the Court finds that the Motion for Remand should be granted in part and denied in part.

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 17-06008-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 16-51982-KMS, are cited as "Dkt. No. ___".

1

## I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Further, this Court's jurisdiction in a removed case before any remand is exclusive.

> [A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. [*Nat. Steam-Ship Co. v. Tugman*, 106 U.S. 118, 122 (1882).] Any subsequent proceedings in state court on the case are void *ab initio*. [*Id.*] Several court decisions also have recognized the power of federal courts to enjoin state courts from proceeding in a removed case. *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206[, 207] (5th Cir. 1963); [*E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982)]; *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir. 1988); [*Bean v. Clark*, 85 So. 2d 588, 589 (Miss. 1956)].

*Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (internal footnotes omitted). The case law is "well settled that any action taken in state court following a notice of removal to the federal court is of no force or effect prior to remand." *Miller v. Provident Advert. & Mktg,. Inc.*, 155 So. 3d 181, 195 (Miss. Ct. App. 2014) (citing *Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 169 (Miss. 2008)). Even in a case where removal is not proper, "the state court now loses all jurisdiction after compliance with the removal statute, until there has been a remand." *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842. The Mississippi Supreme Court has repeatedly recognized this axiom of removal jurisdiction. *See Rayner v. Raytheon Co.*, 858 So. 2d 132, 133-34 (Miss. 2003) (discussing cases).

## II. Findings of Fact[2]

---

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

On January 24, 2014, Jessica Boggan Powell ("Jessica") filed a complaint for divorce, child custody, and division of property in the Chancery Court of Forrest County, Mississippi. Adv. Dkt. No. 1 at 3. On November 14, 2016, Zelius Welborn Powell, III ("Trey") filed a petition for Chapter 7 bankruptcy relief. Dkt. No. 1. On January 6, 2017, the Chancery Court "entered an order directing that . . . property of the estate[] be 'held in a restricted account' and 'frozen'". Adv. Dkt. No. 1 at 4. That property is the proceeds from the sale of certain stock held in Trey's name, which has since been turned over to the Trustee in this case and remains in the Trustee's trust account.

On February 12, 2017, Trey removed the entire state court divorce proceeding to the bankruptcy court under Bankruptcy Rule[3] 9027. Adv. Dkt. No. 1. On March 15, 2017, Jessica filed a motion for remand. Adv. Dkt. No. 17. On the same date, Trey responded to the motion. Adv. Dkt. No. 21. On April 27, 2017, the Court held a hearing on the motion where counsel for both sides presented argument but no additional evidence. Adv. Dkt. No. 29. The Court, thereafter, took the matter under advisement. Also pending is a motion for relief from the automatic stay in Trey's main bankruptcy case, which will be resolved by separate order. Dkt. No. 33.

### III. Conclusions of Law

A. Federal Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). The Supreme Court has held that "the domestic relations exception [to federal jurisdiction] . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). This

---

[3] For convenience, references to the Federal Rules of Bankruptcy Procedure are shortened to "Bankruptcy Rule ____".

3

exception is based "on narrower statutory, rather than broader constitutional, grounds." *Id.* at 696; *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 386 n.2 (5th Cir. 2001) (describing the exception as "narrow"); *see also Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 F. App'x 426, 430 (5th Cir. 2014) (holding "district court erred in dismissing the case based on the domestic relations exception" because plaintiff did "not request the issuance or modification of a child custody decree"). And the *Rooker-Feldman* doctrine[4] bars federal review of a child support order unless that judgment is void, which no party has alleged. *See Mosley v. Bowie Cnty. Tex*, 275 F. App'x 327, 329 (5th Cir. 2008). It is clear that the case should be remanded to allow the Chancery Court to determine issues involving divorce, alimony, and child custody and support.

The domestic relations exception, however, does not divest this Court of all jurisdiction in this case. Federal courts "in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. . . ." 28 U.S.C. § 1334(e)(1) (2005). This exclusivity is not affected by a previously pending divorce action in Mississippi's chancery courts.

> When bankruptcy is filed after a divorce petition is filed but before the judgment of divorce, all assets titled in the name of the debtor spouse become a part of the bankruptcy estate. The state court action is stayed with respect to a property division. In Mississippi, a spouse has no property interest in marital assets titled in the other's name until a judgment of divorce and equitable distribution. Under these circumstances, the nondebtor spouse becomes an unsecured creditor in the bankruptcy with regard to assets titled in the debtor's name.

---

[4] As stated by the Fifth Circuit:

> The *Rooker–Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

*Mosley v. Bowie Cnty. Tex.*, 275 F. App'x 327, 329 (5th Cir. 2008).

Deborah H. Bell, *Bell on Miss. Family Law*, § 21.06[2] (2d. ed.) (internal footnotes omitted).

In a case where an Alabama state court entered a divorce decree "dissolving the marriage and dividing the marital property," despite being notified of the filing of a bankruptcy petition, the bankruptcy court denied a motion to remand and held that "it ha[d] jurisdiction over the divorce proceeding insofar as it involve[d] property of the estate" and that "removal of the divorce proceeding was proper." *Hamm v. Beasley (In re Beasley)*, Bankr. No. 10-31562, Adv. No. 10-3060 2011 WL 1399072, at *1, 2 (Bankr. M.D. Ala. Apr. 12, 2011). Similarly, this Court will deny remand insofar as the divorce proceeding relates to property of the bankruptcy estate.

B. Chancery Court Jurisdiction upon Remand

To prevent confusion in this case and future cases, the Court has gathered some Mississippi authorities concerning the jurisdiction and authority of a chancery court over property division when a bankruptcy case has been filed.

> Family law and bankruptcy become most entangled when property division and bankruptcy coincide. A state court hearing a divorce action has the power to divide marital property equitably without regard to who holds title to the property. However, in Mississippi, a spouse has no interest in property owned by the other until a court judgment classifies the property as marital and orders a transfer of property or a lump sum payment as part of equitable distribution . . . When bankruptcy and divorce occur simultaneously, marital property may include assets that are, or will become, property of the bankruptcy estate . . .
>
> A state court may not classify and divide marital property without permission of the bankruptcy court. However, a spouse who files a divorce action seeking property division is asserting a claim against assets held by the debtor spouse and arguably at the moment of filing divorce becomes a creditor with an unliquidated claim against the estate. The spouse may file a claim in the bankruptcy and seek relief from the stay for the state court to determine the share of assets to which he or she would be entitled outside of bankruptcy. Or, the state court may cho[o]se to proceed with the divorce and other aspects of the proceeding and reserve jurisdiction to divide property after the bankruptcy has concluded.

Bell, *supra*, at § 21.03[3] (internal footnotes omitted).

5

The Mississippi Supreme Court has held that while a husband's primary asset (a partnership) was in bankruptcy, the value of that asset was unknowable, and therefore the chancellor's "decision to grant [the wife] a property settlement and/or lump sum alimony was premature. . . ." *Heigle v. Heigle*, 654 So. 2d 895, 898 (Miss. 1995). The Mississippi Supreme Court further held that other than the question of the divorce itself, which was undisputed, "all the remaining issues should have remained in the trial court pending the conclusion of the bankruptcy proceedings." *Id.*; *see also Dunaway v. Dunaway*, 749 So. 2d 1112, 1120-21 (Miss. Ct. App. 1999) (automatic stay of bankruptcy proceeding enjoins actions affecting bankruptcy assets).

**IT IS HEREBY ORDERED THAT** the Motion For Remand (Adv. Dkt. No. 17) is GRANTED IN PART to allow issues related to divorce, alimony, and child custody and support to proceed in chancery court and DENIED IN PART as it relates to remand of issues involving assets of the debtor's bankruptcy estate.

*##END OF ORDER##*